40493.   WOOD v. MORRIS, by Next Friend, et al.

DECIDED FEBRUARY 14, 1964.

*Mundy & Gammage, E. Lamar Gammage, Jr.,* for plaintiff in error.

*Marson G. Dunaway, Jr., Howe & Murphy, Harold L. Murphy, D. B. Howe,* contra.

FELTON, Chief Judge. ■ The defendant in error's motion to dismiss is overruled and the other defendant below is made a

party to this appeal by order of this court pursuant to the provisions of *Code Ann.* § 6-1202.

■ Both special grounds of the amended motion for a new trial complain of charges to the jury which instructed it that the standard of care required of both defendants was ordinary care, whereas the plaintiff in error contends that the pleadings and evidence showed that the plaintiff was a guest passenger to whom the duty of only a slight care was owed.

The degree of care owed the plaintiff depends upon her status at the time of the collision, i. e., guest passenger or invitee. The plaintiff, as a minor, was legally incapable of giving the necessary consent and accepting the invitation in order to become a guest passenger. *Code* § 105-1803. The case of *Chancey v. Cobb,* 102 Ga. App. 636 (117 SE2d 189), held that "a minor child of tender years riding at the invitation of the driver and owner of an automobile, *with the express consent and acceptance of its mother,* even though, on account of its tender years, incapable of itself giving consent or accepting the invitation, is a guest of the driver thereof within the rule rendering the driver liable to such guest only for gross negligence." (Emphasis supplied.) In the case at bar there was no "express consent and acceptance" of the plaintiff's mother or other parent or guardian. Furthermore, the pleadings and evidence do not show that the emergency was of such urgent nature as to have made it impossible for the defendant policeman to obtain the consent of the child's mother before he drove her to the hospital. Likewise, the child's condition was not sufficiently serious to authorize a presumption of the mother's implied consent or acceptance of the invitation, assuming but not deciding that serious injury and circumstances could authorize such a conclusion. For this reason we hold that the plaintiff was an invitee as to the defendant policeman.

This holding may be supported by yet another proposition, namely: that the defendant policeman, acting in his official capacity, had an obligation to care for the plaintiff. In *Taylor v. Austin,* 92 Ga. App. 104 (1b) (88 SE2d 190), this court said that "a defendant who, *having no obligation to care for the plaintiff,* invites her into the automobile for the sole purpose

of benefiting the latter, is legally liable for resulting injury to the plaintiff only when the defendant's acts amount to gross negligence." (Emphasis supplied.) Whether or not the defendant policeman had any statutory obligation to care for the plaintiff, we think that there was an obligation in fact arising out of the customary role played by police officers in such emergencies, pursuant to their general responsibility of protecting the lives and welfare of citizens at large.

The court did not err in overruling the special grounds of the motion for a new trial.

■ Since the plaintiff here is entitled to recovery by proof of lack of ordinary care on the part of the defendant policeman, the fact that she alleged such acts of negligence as she relies upon for recovery to be "gross negligence" will not prevent her recovery should they prove to be acts of ordinary negligence and not gross negligence. *Fountain v. Tidwell*, 92 Ga. App. 199, 204 (88 SE2d 486); *Blanchard v. Ogletree*, 41 Ga. App. 4, 8 (152 SE 116) and cit. Questions of gross, ordinary and slight negligence, being questions of fact and not of law, are as a rule to be determined by the jury. *Hines v. Bell*, 104 Ga. App. 76, 80 (2) (120 SE2d 892), and cit. The evidence showed that the defendant approached the intersection, which he knew to be one of the main traffic arteries in the city, at a speed of 45-50 m.p.h.; that he knew the speed limit at that place was 25 m.p.h.; that the street was wet with rain and was of asphalt construction, which he knew makes it even more slick; that he did not apply the brakes as he approached the intersection and only slowed the vehicle perhaps 5 m.p.h. before entering the intersection; that he was operating the vehicle with his left hand, while holding the siren with his right hand, being right-handed; that the plaintiff's injuries were not of a critically serious nature, being confined primarily to her arm, so that she was able to get into the automobile and talk. The above evidence was sufficient to authorize a finding of ordinary negligence on the part of the defendant policeman; therefore the court did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*