**George E. BRYSON, Petitioner,**

v.

**BOARD OF FUNERAL SERVICE PRACTITIONERS OF the STATE of Delaware, Respondent.**

Superior Court of Delaware, Kent County.

Submitted April 26, 1979.

Decided May 2, 1979.

R. Brandon Jones, of Hudson & Jones, Dover, for petitioner.

Edward F. Kafader, Dept. of Justice, Dover, for respondent.

## OPINION

TEASE, Judge.

This is a suit for mandamus to compel the respondent Board of Funeral Service Practitioners to administer a practical examination to the petitioner Bryson as directed by a special law of the 128th Delaware General Assembly, H.B. 1280.

Bryson registered as an apprentice undertaker with the Board on May 30, 1954, and 24 *Del.C.* § 3110 required, at that time, that a certificate could not be issued unless the applicant was "a graduate from a regular recognized college of embalming, whose course of instruction is not less than six months" (among other requirements not in issue here).

Bryson has not been graduated from a college of embalming, mortuary science, or funeral service (synonymous terms, for our purposes) but has continued as a capable, learned, valuable apprentice—employee of a licensed establishment for the past 25 years. He is recognized in his field as having apparently unusual skill and expertise, especially restorative and cosmetic talent.

Bryson applied several times to the Board for examination and license and was refused because of the aforesaid statutory requirements.

On June 30, 1976, H.B. 1280 was enacted into law and it provided, after reciting Bryson's long period of able service and his inability to find a college of mortuary science with a course of instruction short enough to qualify him for examination (the alternatives involved a 2-year course and financial disaster and family disruption), that the Board was directed to issue him a license to become "a fully bona fide [sic] Funeral Service Practitioner" if he were to take and pass "a practical examination" administered by the Board, any provisions of 24 *Del.C.,* Chapter 31 to the contrary notwithstanding.

Bryson duly applied for the examination and was refused. He then filed this action.

For purposes of this opinion, I will assume without deciding, because counsel have agreed, that the statutory requirements existing when Bryson registered as an apprentice now govern his right to be licensed, even though such requirements were more stringent when his recent applications for examination were filed.

The petitioner argues that H.B. 1280 is clothed with an almost impenetrable presumption of constitutionality and that the Board must respond to the mandate of the legislation by giving him the practical examination.

The Board, on the other hand, takes the position that the law was passed for the benefit of Bryson alone and, as such, violates the equal protection clause of the fourteenth amendment to the U.S. Constitution by conferring a benefit upon one person which is denied to all others in his class.

First, I must dispose of Bryson's argument that his position is so unique that he composes a class of one; that therefore no one else exists who is being deprived of the special benefit being conferred upon him. No proof of that either exists in the record or would be persuasive if it did. The argu-

ment is self-defeating and one can not seriously argue that there are no other persons in Delaware in *similar* circumstances in the same or *similar* professions who would not be offended by special legislation to which they are not privy.

■ The constitutional guaranty of equal protection of the laws does not require that all persons, however situated, shall have the same rights and be protected in doing the same things. It does require that all persons shall be treated alike under like circumstances and conditions, both in privileges conferred and liabilities imposed. *Priest v. State,* Del.Supr., 227 A.2d 576 (1967); *Van Winkle v. State,* Del.Supr., 91 A. 385 (1914).

■ Governments may legislate with respect to people in their different relations one to another and to the things that are the subjects of government. But if such legislation discriminates against some and favors others, it violates the equal protection clause and is prohibited. *Van Winkle,* supra, p. 389. See also the opinion by Mr. Justice McReynolds in *Hartford Steam Boiler Inspection & Ins. Co., et al. v. Harrison,* 301 U.S. 459, 57 S.Ct. 838, 81 L.Ed. 1223 (1937).

■ The Main Supreme Court dealt with the specific issue, i. e., special legislation to benefit one pharmacist, in *Maine Pharmaceutical Association, et al. v. Board of Commissioners of the Profession of Pharmacy,* Me.Supr., 245 A.2d 271 (1968). The applicant did not qualify to take the examination for licensing unless a resolution of the Maine legislature, directing the Board to "permit [Smith] to take the examination", was valid. Quoting from an 1825 Maine case, *Lewis v. Webb,* 3 Me. 326, the Court held that the legislature had "no authority by the Constitution, to pass any act or resolve granting an appeal or a new trial in any cause between private citizens, or dispensing with any general law in favor of a particular case."

More to the point, the Maine Supreme Court held that it can *never* be within the bounds of legitimate legislation to enact a special law granting a privilege and indulgence to one man by way of exemption from the operation of a general law, leaving all other persons under its operation. Such a law is neither just nor reasonable. We live under a government of laws and not of men and the consequences of any departure from that ancient principle are obvious and frightening.

Bryson cites, in support of the constitutionality of H.B. 1280 *Fraternal Order of Firemen of Wilmington v. Shaw,* Del.Supr., 196 A.2d 734 (1963). The special pension legislation litigated in that case established a reasonable class of persons to be benefitted, firemen and widows of deceased firemen who had retired prior to or would retire after the effective date of the act, and, as such, the case sets no precedent to be recognized here.

The respondent also cites the cogent language of Chief Justice Herrmann in *Justice v. Gatchell,* Del.Supr., 325 A.2d 97 (1974) in support of his argument that courts are self-restrained when testing the constitutionality of legislative actions, that such acts cannot be disturbed except in "clear cases", upon "weighty considerations", and that their invalidity must be "beyond doubt."

*Justice* was an attack upon the Delaware Guest Statute under the equal protection clause and it barely survived that attack!— if I accurately assess the contents of that opinion. However, the instant case moves unscathed through the *Justice* admonitions against a finding of unconstitutionality. A special law to benefit one person to the exclusion of all others similarly situated in this State is a clear case, the considerations are weighty, and its invalidity is "beyond doubt." There is no state of facts that may reasonably be conceived to justify the classification created by H.B. 1280 and it denies the equal protection of the U.S. Constitution to all citizens of Delaware but one.

Legislative relief from the petitioner's unfortunate circumstances seems to present no real obstacles, however. See § 3112 of Title 24 of the *1953 Delaware Code* for an example of what might be the type of ap-

proach that would withstand constitutional examination.

The writ of mandamus must be, and it is hereby, denied.