Buford BAILEY and Karoline L. Bailey, his wife, Plaintiffs Below, Appellants,

v.

Dorothy PENNINGTON, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted May 7, 1979.

Decided Aug. 31, 1979.

John Williams and Harold Schmittinger, of Schmittinger & Rodriguez, P. A., Dover, for plaintiffs-appellants.

Robert G. Carey, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

This appeal requires a decision as to the constitutionality of the Delaware Premises Guest Statute, 25 *Del.C.* § 1501.[1]

The plaintiffs, Mr. and Mrs. Buford Bailey, sued the defendant, Dorothy Pennington, for injuries sustained by Mr. Bailey while attending a party at the home of the defendant. Concluding that the plaintiffs were social guests of the defendant, and that the defendant's actions were neither wilful nor wanton, the Superior Court granted summary judgment for the defendant on the basis of the Delaware Premises Guest Statute.

The plaintiffs argue that the Statute does not apply to the facts of this case or, in the alternative, that the Statute is unconstitutional.

## I.

Viewing the events in the light most favorable to the plaintiffs, as we must in our review of a decision granting summary judgment to the defendant, *Wilson v. Tweed*, Del.Supr., 209 A.2d 899, 900 (1965), these are the relevant facts:

The defendant invited about 50 friends, including the plaintiffs, to attend a corn roast at her home. Although not required to do so, the plaintiffs brought a fifth-size bottle of alcoholic liquor to the party. Four oil-burning torches on poles inserted into the ground, used to repel insects, were placed around an outdoor dance floor. During the party, one of the torches was moved by the defendant and placed approximately five feet from the picnic table occupied by the plaintiffs. The ground where the torch was relocated was dry and hard and, during the party, the torch fell over and spilled burning oil upon Mr. Bailey.

## II.

The plaintiffs contend that ' the Premises Guest Statute was not applicable because they brought a bottle of liquor to the party. The argument goes that this case was taken out of the Statute by the "benefit" thus conferred upon the defendant. This contention deserves only brief notice:

The benefit to the defendant, if any, was "de minimis". Compare *Facciolo v. Facciola Construction Company*, Del.Supr., 317 A.2d 27, 28 (1974). In *Justice v. Gatchell*, Del.Supr., 325 A.2d 97, 104 (1974), this Court stated the following as a matter of policy regarding the analogous Delaware Automobile Guest Statute:[2]

---

1. 25 *Del.C.* § 1501 provides:

"No person who enters onto the premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others."

2. 21 *Del.C.* § 6101(a) provides:

"§ 6101. Injury to nonpaying guest; exceptions as to passengers of public carriers and prospective purchasers of vehicles.

"(a) No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless

" * * *. Because application of the Automobile Guest Statute so often results in harsh, unfair, and unreasonable results, courts have shown a general tendency to carve out exceptions to the operation of the Statute in the interest of justice. Our own courts have demonstrated that tendency. * * *. As a matter of policy, however, we do not favor further judicial creation of exceptions to the Statute. If, as many believe, the Delaware Automobile Guest Statute leads so often to unreasonable and unjust results and should be repealed forthwith, let its evils stand revealed to the General Assembly without further judicial effort to avoid a bad law by patchwork exceptions."

### III.

Since Bailey was a "guest without payment", § 1501 bars his cause of action "unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others". There is no contention here that the accident was intentional. Compare *Gallegher v. Davis,* Del.Super., 183 A. 620, 622 (1936). Accordingly, we deal only with the "wilful or wanton disregard of rights" clause of § 1501.

The plaintiffs contend that the conduct of the host/land occupier was wilful or wanton in character and, thus, within the expressed statutory exception because of the peril of the burning torch and its relocation within a few feet of the plaintiffs' table. The Trial Judge found that while the defendant's actions might be termed negligent, they were not wilful or wanton because "[t]he Defendant used the torch in the manner for which it was designed" without a "conscious indifference to the risk of harm to others". We agree.

■ Wilful or wanton conduct "assumes the character of maliciousness or wickedness * * *. Wilfulness cannot exist without purpose or design. The difference is one of kind, not degree. There is a clear distinction between wantonness and negligence, as the former term includes the elements of consciousness of one's conduct, realization of the probability of injury to another, and disregard of the consequences." *Gallegher v. Davis*, 183 A. at 622.

■ There is no evidence that the defendant acted maliciously, or wickedly, or with a conscious realization of the probability of injury to Mr. Bailey. This case does not fall within the statutory exception of wilful or wanton disregard of the rights of the plaintiff.

### IV.

The plaintiffs contend that the Delaware Premises Guest Statute constitutes an unconstitutional violation of the so-called Remedy for Injury or Due Course of Law Clause of the Delaware Constitution and the Equal Protection and Due Process Clauses of the United States Constitution.

#### A.

■ The Remedy for Injury Clause of the Delaware Constitution is contained in Art. I, § 9:

"All courts shall be open; and every man for an injury done him in his reputation, person, movable or immovable possessions, shall have remedy by the due course of law, and justice administered according to the very right of the cause and the law of the land, without sale, denial, or unreasonable delay or expense; and every action shall be tried in the county in which it shall be commenced, unless when the judges of the court in which the cause is to be tried shall determine that an impartial trial thereof cannot be had in that county. Suits may be brought against the State, according to such regulations as shall be made by law."

This Clause "is inserted in the Constitution to secure the citizen against unreasonable and arbitrary deprivation of rights whether

---

such accident was intentional on the part of such owner or operator or was caused by his wilful or wanton disregard of the rights of others. * * * "

relating to life, liberty, property, or fundamental rights of action relating to person or property * * *. It embraces the principle of natural justice that in a free government every man should have an adequate legal remedy for injury done him by another." *Gallegher v. Davis*, 183 A. at 624. In order to demonstrate a violation of the Remedy for Injury Clause, the plaintiffs must show that the Premises Guest Statute unreasonably deprives them of a fundamental right of action.

In *Gallegher*, the Court rejected the argument that similar provisions in the Delaware Automobile Guest Statute, barring suits by a guest against a host unless the host driver acted wilfully or wantonly, violated the Remedy for Injury Clause. The Court there noted that, although an automobile guest may have had a remedy for the negligent acts of his host driver at common law, the modification of that right did not violate the Remedy for Injury Clause, because "no one has a vested interest in any rule of the common law". 183 A. at 624. As we stated in *Justice v. Gatchell*, 325 A.2d at 99, "[t]he holding in *Gallegher* [as to the effect of *Del.Const.* Art. I, § 9 upon the Delaware Automobile Guest Statute] * * * has withstood the tests of time and challenge in this State."

This challenge to the Premises Guest Statute under Art. I, § 9 lies on weaker ground: at common law, an automobile guest had the right to sue for the negligence of the host, but a guest had no right to sue a host for the host's negligence in the latter's home. Since the plaintiffs had no right to sue for negligence prior to the enactment of the Statute, the Statute cannot be said to operate unreasonably to deprive them of a fundamental right.

Accordingly, we hold that the Delaware Premises Guest Statute, like the Delaware Automobile Guest Statute, does not violate *Del.Const.* Art. I, § 9.

### B.

■ The plaintiffs contend that the Delaware Premises Guest Statute violates the Equal Protection Clause of the Fourteenth Amendment because the "distinctions drawn between guests without payment and all other individuals, except trespassers, who may be injured by the land occupier on his premises have no rational basis." The plaintiffs urge this Court to "adopt a rule whereby an owner or occupier of land has a duty to exercise reasonable care to insure the safety of all persons reasonably anticipated to be present on the property, regardless of their legal status under either the common law or 25 Del.C. § 1501."

In *Justice*, we were confronted with substantially the same Equal Protection challenges as to the Delaware Automobile Guest Statute. The similarities of scope and purpose of the two Statutes are manifest. "The difference between an invitation extended by a person to dine with him at his home and an invitation to ride with him in his automobile is difficult to perceive." *Gallegher v. Davis*, 183 A. at 625. We adhere to the rationale adopted and conclusions reached in *Justice* and apply them to the Delaware Premises Guest Statute. We remain convinced that the General Assembly, which created both of these Statutes, must undo whatever evils or unfairnesses have arisen under them in modern day circumstances. Compare *Anno.*, 66 A.L.R.3rd 532 (1975).

Accordingly, we hold the Delaware Premises Guest Statute valid under the Equal Protection Clause.

■ The plaintiffs urge the abandonment of the common law status and liability distinctions between an invitee, a licensee, and a trespasser, relying upon the leading case of *Rowland v. Christian*, Cal.Supr., 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561 (1968) and its progeny. Concededly, there is a "modern trend" in that direction. See *Smith v. Arbaugh's Restaurant, Inc.*, U.S.App.Ct., D.C., 152 U.S.App.D.C. 86, 89, 469 F.2d 97, 100 (1972); *Sherman v. Suburban Trust Co.*, Md.Ct.App., 282 Md. 238, 384 A.2d 76, 81 (1978). Insofar as Delaware's Guests' Statutes and their terminologies are concerned, we decline to abandon the common law classifications as they existed and were

used when the Statutes were enacted—again for the reason that to do otherwise would be to engage in impermissible judicial legislation.

### C.

■ Finally, the plaintiffs assert that § 1501 is an unconstitutional denial of due process of law under *Del.Const.* Art. I, § 9 and the Fourteenth Amendment. Their contention is that a person who is injured by the negligent conduct of another is entitled to bring a legal action to recover for the injuries sustained; that due process of law so requires. The argument goes that the common law status classifications and § 1501 deny such legal recourse; and that the due process right guarantees that each individual shall have a right to pursue his legal remedies without the undue restrictions imposed by the common law classifications as used in § 1501.

These contentions amount to no more than a repetitious attack upon the decision in *Gallegher* holding that the Delaware Automobile Guest Statute was not violative of the Remedy for Injury or Due Course of Law Clause of Art. I, § 9. In *Justice*, we expressly recognized that the attack in *Gallegher* was based upon the "due course of law" provision of *Del.Const.* Art. I, § 9 and that the holding of constitutionality thereunder "has withstood the tests of time and challenge in this State." 325 A.2d at 99.

We are not persuaded that the rules of either *Gallegher* or *Justice*, which control in this case by analogy, should be changed or abandoned. We recognize *Primes v. Tyler*, Ohio Supr., 43 Ohio St.2d 195, 331 N.E.2d 723 (1975), and *Johnson v. Hassett*, N.D.Supr., 217 N.W.2d 771 (1974), upon which plaintiffs rely in urging the upset of the Premises Guest Statute upon the ground of denial or remedy by due course of law. With due deference to those authorities, we adhere to the principles and conclusions of *Gallegher* and *Justice*.

Accordingly, for the reasons stated, we conclude that the Superior Court correctly granted summary judgment in favor of the defendant in this case.

Affirmed.