Robert F. PIERCE and Ursula S. Pierce, Plaintiffs Below, Appellants,

v.

Donald W. BIERER, Jr., and Dover Volkswagen, Inc., a Delaware Corporation, Defendants Below, Appellees.

Supreme: Court of Delaware.

Submitted May 11, 1982.

Decided: July 9, 1982.

Joseph M. Bernstein (argued), Wilmington, for plaintiffs below, appellants.

Richard W. Pell and Jeffrey Marlin (argued), of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendants below, appellees.

Before HERRMANN, C. J., McNEILLY and QUILLEN, JJ.

HERRMANN, Chief Justice:

In this appeal, the Court is asked to reconsider its decision in *Justice v. Gatchell*, Del.Supr., 325 A.2d 97 (1974), upholding the constitutionality of the Delaware Automobile Guest Statute [21 *Del.C.* § 6101(a) ].[1]

### I.

The plaintiff, Robert Pierce, suffered injuries while a passenger in an automobile operated by the defendant Donald W. Bierer, Jr. and owned by Bierer's employer, defendant Dover Volkswagen, Inc. Pierce and Bierer were en route from a bar at 1:00 a. m. to a nearby restaurant. Their automobile was struck by a tractor-trailer.

A complaint was filed by Pierce alleging that the accident was caused by the ordinary negligence or, in the alternative, the "wilful or wanton" conduct of Bierer. Defendants denied liability, pleaded as an affirmative defense the Guest Statute, and, following discovery, moved for summary judgment.

The plaintiff ultimately conceded both that he was a "guest without payment" under the Guest Statute and that his claim of "wilful or wanton" conduct was not sub-

---

1. 21 *Del.C.* § 6101(a) provides:

"§ 6101. Injury to nonpaying guest; exceptions as to passengers of public carriers and prospective purchasers of vehicles.

"(a) No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator or was caused by his wilful or wanton disregard of the rights of others."

stantiated by the facts. Thereupon, the Superior Court granted defendants summary judgment, citing *Justice v. Gatchell, supra*, in rejecting plaintiff's claim that the Guest Statute was unconstitutional.

## II.

In *Justice*, this Court considered the question of whether the Delaware Automobile Guest Statute is in contravention of the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution. This Court there carefully reviewed the various concepts under which the Guest Statute has been held to be in violation of the Equal Protection Clause in several States, and found the question "fairly debatable." Exercising the judicial self-restraint in favor of the General Assembly, traditional in this State upon a "fairly debatable" conclusion as to the constitutionality of a State Statute (325 A.2d at 102), this Court held the Statute constitutional in *Justice*, stating:

"If the Guest Statute has become unacceptably unwise and unfair under current facts of life, it is for the General Assembly to act with respect to this Statute which it created more than 40 years ago. The wisdom of legislation is not within our realm; only the General Assembly may rectify legislation manifesting itself by hindsight as unwise. . . . For this Court to abolish the Guest Statute because of changed conditions would, in our view, amount to impermissible judicial legislation." 325 A.2d at 103.

The result in *Justice* was premised upon the proposition that the Connecticut Guest Statute had been upheld on equal protection grounds by the United States Supreme Court in *Silver v. Silver*, 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929), which still remained the last word by that Court on the subject.

The plaintiffs contend that this Court should now abandon its position on the Guest Statute in the light of what they view as a movement by the U. S. Supreme Court away from the "traditional" equal protection test previously applied by this Court in *Justice* on the basis of *Silver*. The plaintiffs argue that "the Supreme Court has redefined the role of the judicial branch vis-a-vis the legislature in passing on the constitutionality of statutes challenged under the 'traditional' equal protection test."

The plaintiffs further remind us of the comment in *Justice*: "If . . . the strictures of the Fourteenth Amendment [are to be] extended in this area of the law, we shall await the views of the United States Supreme Court on the subject." (325 A.2d at 102). Those views have been manifested, plaintiffs assert, in a number of recent cases all of which, they say, now require a reversal of *Justice*. Specifically, plaintiffs cite *U.S.R.R. Retirement Bd. v. Fritz*, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980); *Minnesota v. Clover Leaf Creamery Company*, 449 U.S. 456, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981); *Schweiker v. Wilson*, 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981); and *Logan v. Zimmerman Brush Co.*, —— U.S. ——, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).

## III.

We have reviewed the cited cases relied upon by the plaintiffs and find none to be controlling. None involves a Guest Statute of this or any other state and, therefore, cannot be said to bespeak a shift in the Supreme Court's viewpoint on the subject.

On the contrary, we find it significant that *Silver*, decided in 1929, still remains the last word by the U.S. Supreme Court on Automobile Guest Statutes in relation to equal protection rights. We find it quite significant that the U.S. Supreme Court, "for want of a substantial federal question," recently denied certiorari in connection with the Delaware Premises Guest Statute,[2] *Bailey v. Pennington*, 444 U.S.

---

**2.** The Premises Guest Statute, 25 *Del.C.* § 1501 provides:

"§ 1501. Liability of owners or occupiers of land for injury to guests or trespassers.

"No person who enters onto private residential or farm premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of

1061, 100 S.Ct. 1000, 62 L.Ed.2d 744 (1980), which was taken almost verbatim from the Automobile Guest Statute. The constitutionality of the Premises Guest Statute was upheld in *Bailey v. Pennington*, Del.Supr., 406 A.2d 44 (1979), in which an equal protection argument was rejected upon the basis of *Justice*.[3]

Accordingly, we find nothing has developed since *Justice v. Gatchell* to alter the *stare decisis* value of that case as to the constitutionality of the Automobile Guest Statute. We adhere to the rationale adopted and conclusions reached therein. If changes are to be made, the General Assembly must take the action.

\* \* \*

Affirmed.

action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others."

**3.** In *Bailey*, this Court again reminded all concerned:

"We remain convinced that the General Assembly, which created both of these Statutes [Automobile and Premises], must undo whatever evils or unfairnesses have arisen under them in modern day circumstances." 406 A.2d at 47.