STATE OF DELAWARE, upon the relation of Albert W. James, Attorney-General, v. CHARLES MILLS, JAMES A. CAMPBELL, JR., WILLIAM L. RICKARDS, and JAMES TRAVIS.

.(*August* 7, 1947.)

RICHARDS, C. J., SPEAKMAN, TERRY, CAREY and PEAR-SON, J. J., sitting.

*Houston Wilson* for the State of Delaware.

*James M. Tunnell, Jr.,* for the respondents.

Court in Banc of the State of Delaware; No. 2, April Term, 1947, of the Superior Court for Sussex County.

RICHARDS, C. J.:

The Act incorporating the City of Rehoboth Beach and establishing a charter therefor, as amended, provides, inter alia, that the Commissioners of Rehoboth shall consist of seven members to be chosen as therein provided; That one of said Commissioners shall have the title of Mayor of Rehoboth and shall also be President of The Commissioners of Rehoboth; That each of said seven Commissioners of Rehoboth shall at the time of his election, and during his term of office, be a freeholder of the City; That his ceasing to be a freeholder of the City shall ipso facto, vacate his office; That each of three of said Commissioners shall also reside within the corporate limits of the City of Rehoboth Beach; That the Commissioner with the title of Mayor of Rehoboth and President of the Commissioners of Rehoboth shall be a bona fide resident of the City of Rehoboth Beach; that removal from the corporate limits of the City of Rehoboth Beach of any Commissioner required to be a resident of the City of Rehoboth Beach, shall ipso facto, vacate his office; That removal of his domicile from the City of Rehoboth Beach by the Commissioner with the title of Mayor of Rehoboth and President of the Commissioners of Reho-

both, required to be a bona fide resident of the City of Rehoboth Beach, shall ipso facto, vacate his office; That if at any one time more than three incumbents of the office of Commissioner shall not reside in said City by reason of one or more of them removing from said City, in such event, the Commissioner last removing from said City, shall ipso facto, vacate his office; Section 3, Chapter 161, Volume 41, Laws of Delaware; Sections 1, 2, 3, Chapter 177, Volume 43, Laws of Delaware.

Section 5, of said Charter provides, that the six offices of Commissioner of Rehoboth and the one office of Commissioner of Rehoboth with the title of Mayor of Rehoboth who shall also be President of the Commissioners of Rehoboth, shall be elective; That the six offices of Commissioner of Rehoboth shall be for a term of two years, and the office of Commissioner of Rehoboth with the title of Mayor of Rehoboth and who shall also be President of the Commissioners of Rehoboth shall be for a one year term.

Section 6 of said charter prescribes the mode of nominating candidates for the elective offices above referred to, providing that the Commissioners of Rehoboth shall sit in open meeting to judge of the qualification of the candidates so nominated, setting forth a form of nomination petition to be used, which must be accompanied by an affidavit made by the person by whom it was circulated, attesting to the genuineness of the signatures of persons whose names appear thereon.

Section 7 of said charter, as amended, provides for the annual election of the Commissioners to be held on the second Saturday in the month of August, at such public place as shall be designated by the Commissioners, notice of which is required to be posted in five of the most public places within the corporate limits of the City of Rehoboth Beach not less than ten days before the day of such annual

election. This section further provides for an Election Board to hold said election, the method of voting, those who shall be entitled to vote at said election, the course to be followed in counting the votes followed by the provision that the persons declared by the Election Board to be elected shall continue in office during the terms for which they were chosen, or until their successors are duly elected or appointed and qualified.

Charles Mills and James A. Campbell, Jr., were elected Commissioners of Rehoboth for a term of two years at the annual election held on August 11, 1949, and William L. Rickards and James Travis were elected Commissioners of Rehoboth, for a term of two years at the annual election held on August 10, 1946. All of the formalities prescribed by the charter with respect to the election of Commissioners were complied with, namely, the form of nominating petition and the affidavit made by the person who circulated it, the approval of the qualification of the candidates by the Commissioners of Rehoboth in open meeting, the place and time of holding the election, the Election Board by which the election was held, the method of voting, the qualification of the voters and the course to be followed in counting the votes. Following said elections the said Charles Mills, James A. Campbell, Jr., William L. Rickards and James Travis, were duly declared by the Election Board as having been elected Commissioners of Rehoboth. It is undoubtedly true said Commissioners would have been entitled to serve until the expiration of the two year term for which they were elected, and would have been entitled to continue in office until their respective successors were elected or appointed and qualified, if the charter of the City of Rehoboth Beach had not been amended by the passage of Section 2 of House Substitute for House Bill No. 197 by the Legislature, 46 Del. Laws, c. 243.

This brings us to the real question before us for consideration, are all of the defendants lawfully and rightfully entitled to exercise the franchises, liberties, privileges, rights, duties and functions, and enjoy the emoluments of the respective offices of Commissioner of Rehoboth for the remainder of the respective terms for which they were elected?

The Charter of the City of Rehoboth Beach contains many provisions which are not found in the charter of other municipal corporations. The Legislature apparently recognized that a large portion of the real estate within the corporate limits was owned by persons who were not residents of the City, and permitted privileges to be granted which were intended for their benefit.

It was argued that section 10 of House Substitute for House Bill number 197, being Chapter 243, of Volume 46 of the Laws of Delaware, shows that the Legislature intended that section 2 of said Act should go into effect immediately upon its approval by the Governor, which intent is defeated as long as all of the defendants continue to occupy the offices of Commissioner of Rehoboth; also that the defendants have no vested right to occupy the office of Commissioner of Rehoboth, and should not be allowed to defeat the purpose and intent of the Act by continuing to hold said office; and further argued that said section 2 of House Substitute for House Bill Number 197, being an amendment of section 3 of the Charter of the City of Rehoboth Beach presumed a change in the legal rights of the defendants to occupy the office of Commissioner of Rehoboth.

The main question for determination in this case, is what was the intention of the Legislature when it enacted the 1947 amendment to the Charter of the City of Rehoboth Beach. Various methods have been adopted for determining

what the legislative intention was but no single method has been found to give a certain answer to the question. It may involve the exercise of judgment the method of arriving at which is difficult to express. Sutherland Statutory Construction, Vol. 2, Section 4501.

██ ██ In order to hold that the Legislature intended that the amendment should take effect immediately and vacate any of the offices of Commissioner of Rehoboth to which the defendants were duly elected, it is necessary to give it a retroactive effect. A retroactive law is one which takes away rights acquired under existing laws, creates a new obligation or imposes a new duty with respect to past events. Such laws are not only looked upon with disfavor but are regarded as dangerous, and it will never be inferred that a law was intended to have such operation. *Bowing v. Del. Rayon Co.*, 8 *W. W. Harr.* (38 *Del.*) 111, 188 *A.* 769; *Smith v. Clemson*, 6 *Houst.* 171; *Jones v. Wootten*, 1 *W. W. Harr.* 77.

When the Legislature enacted the present charter changing the name from the town of Rehoboth to the City of Rehoboth Beach, and repealing the Act providing for a Board of Public Works for the town of Rehoboth, it expressly appointed the Commissioners then in office to serve until their successors were duly elected or appointed. At the same time it provided that at the next annual election the change in the method of electing Commissioners should go into effect. The amendment to said charter passed by the last Legislature calls for a change in the method of electing Commissioners, by requiring that three of the Commissioners shall be residents of the City of Rehoboth Beach and three shall be not residents of the City of Rehoboth Beach. This makes mandatory what was permissive prior to enactment of the amendment.

At the time said amendment was passed four of the

Commissioners of Rehoboth were residents of the City of Rehoboth Beach, but the Act did not specify when it should become effective or by what method the change should be made. The method of nominating and electing Commissioners of Rehoboth, as outlined herein, was known to the Legislature when said amendment was passed. Likewise the possibility that more than three of the Commissioners of Rehoboth might have been residents of the City of Rehoboth Beach or nonresidents of the City of Rehoboth Beach was known. In addition to this it also knew that the charter provided that all persons declared to be duly elected by the Election Board were entitled to hold their office until their successors were duly elected or appointed and qualified.

The said Charles Mills, James A. Campbell, Jr., William L. Rickards and James Travis, having been nominated and elected Commissioners of Rehoboth in the manner provided by the charter in existence at the time, is it reasonable to assume that the Legislature intended that they should draw straws in order to determine who should vacate his office, or that the Court should adopt some arbitrary method by which to decide which office should be declared vacant?

The amendment did not become effective until April 9, 1947, which was less than four months from the time for the annual election of Commissioners.

Under the provisions of the charter three Commissioners will be elected on the second Saturday in August of the present year, and we are of the opinion that the Legislature intended that the change which the amendment makes in the residence of Commissioners should be brought about at that election.

The present Commissioners of Rehoboth, Charles Mills, James A. Campbell, Jr., Willam L. Rickards and James Travis shall continue in office during the terms for which

they were chosen, or until their successors are duly elected or appointed and qualified.

At the annual election held on the second Saturday in August 1947, one Commissioner shall be elected for a term of two years who is a resident of the City of Rehoboth Beach, and two Commissioners shall be elected for a term of two years who are non-resident-freeholders of the City of Rehoboth Beach.

We direct that this opinion be certified to the Superior Court in and for Sussex County.