83 A.2d 300 (1951)
DISTEFANO
v.
LAMBORN (Huber Baking Co., Third Party Defendant).
Superior Court of Delaware, New Castle.
July 26, 1951.
William Poole, Thomas J. Healy, Jr., and John VanBrunt, Jr., all of Wilmington, for defendants, third party plaintiffs.
William Prickett, of Wilmington, for third party defendant.
LAYTON, Judge.
Two days prior to the filing of my opinion in this case, reported in 81 A.2d at 675, the Legislature passed an Act (48 Del.Laws 301) amending the Uniform Contribution Act by adding to Sec. II the following language:
"Sec. I. That Chap. 151, Volume 47, Laws of Delaware, be and the same is hereby amended by adding to Sec. 2 of said Act a new sub-paragraph (5) as follows:
(5) The right of contribution provided by this Act shall be enforceable only with respect to judgments entered against one or more joint tort-feasors subsequent to May 27, 1949."
Unfortunately, the pendency of this amendment before the Legislature was not called to my attention by counsel at the argument, nor was the fact of its passage communicated to me at the time I filed the above opinion. It becomes necessary, therefore, to review the conclusions arrived at above in the light of the language of the amendment just quoted.
Prior to the quoted amendment Sec. 2 of the Delaware Uniform Contribution Act, 47 Del.Laws, Chap 151, read as follows:
"Section 2. Right of Contribution; Accrual; Pro Rata Share:
"(1) The right of contribution exists among joint tortfeasors.
"(2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.
"(3) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement.
"(4) When there is such a disproportion of fault among joint tortfeasors as to render inequitable an equal distribution among them of the common liability by contribution, the relative degrees of fault of the joint tortfeasors shall be considered in determining their pro rata shares."
As a result of the amendment a fifth subsection has been added. Counsel argues that this last subsection has the effect of changing the right of contribution granted by subsection 1 from a substantive to a mere procedural right. I am unable to agree for the language of the amendment does not purport to repeal or otherwise modify the substantive right of contribution so clearly granted by subsection 1 of Section 2 (See main opinion 81 A.2d 675).
*301 It is further contended that subsection 5 of Sec. 2 (the amendment) renders the Act retroactive in effect, thereby including within its purview accidents happening prior, as well as subsequent to, May 27, 1949. Whether or not a statute is to be given a retroactive effect is a matter of legislative intent and Courts are extremely reluctant to arrive at such a construction unless the language of the statute permits of no doubt as to the meaning of the Legislature. In this connection Am.Jur. Vol. 50, Sec. 478 states the law to be this: "Sec. 478. General Rules as to Interpretation.  The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. In determining such intent, the courts have evolved a strict rule of construction against a retrospective operation, and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it to operate prospectively only, and not retroactively. Indeed, the general rule is that they are to be so construed, where they are susceptible of such interpretation and the intention of the legislature can be satisfied thereby, where such interpretation does not produce results which the legislature may be presumed not to have intended, and where the intention of the legislature to make the statute retroactive is not stated in express terms, or clearly, explicitly, positively, unequivocally, unmistakably and unambiguously shown by necessary implication or terms which permit no other meaning to be annexed to them, preclude all questions in regard thereto, and leave no reasonable doubt thereof. Ordinarily, an intention to give a statute a retroactive operation will not be inferred. If it is doubtful whether the statute or amendment was intended to operate retrospectively, the doubt should be resolved against such operation." Forgetting for a moment constitutional questions which might arise if this amendment were construed retroactively, let us examine its language in the light of the principle of law just quoted, in order to ascertain whether or not the Legislature has clearly intended that it should operate retrospectively.
In the first place, instead of stating that the right of contribution granted by the Act shall be enforceable as to "all" judgments entered subsequent to May 27, 1949, the amendment provides that the right shall be enforceable "* * * only with respect to judgments entered * * * subsequent to May 27, 1949." Had the Legislature used the words "all judgments" it could be argued with much greater force that accidents happening prior, as well as subsequent to, May 27, 1949, were intended to be included within the operation of the Act. But "only" does not mean "all" and the question is thus left open as to the exact meaning of the language insofar as concerns those accidents which occurred prior to the effective date of the Act.
Of far greater importance is the effect of subsection 5 (the amendment) upon subsection 3 of Section 2. Under the latter subsection one joint tort-feasor might settle the entire claim with a Plaintiff before judgment and maintain an action for contribution against his joint tort-feasor. This result would no longer seem possible under the amendment. Thus, it can be argued with great persuasiveness that it is just as probable that subsection 5 was intended to extinguish the right of contribution based upon a settlement of the whole claim granted by subsection 3 as to render the Act retroactive in effect. It is not my function here to find the true meaning of what the Legislature intended by the amendment but to decide only whether its effect, beyond any reasonable doubt, was to render the Act retrospective. This I am unable to gather from the foregoing analysis of the language of the amendment. The result arrived at in the main opinion is affirmed.