David S. MUMFORD, III, who was sued with David S. Mumford, Jr., and Janet Mumford, Defendant and Third-Party Plaintiff Below, Appellant,

v.

Estelle ROBINSON, Third-Party Defendant Below, Appellee.

Supreme Court of Delaware.

June 6, 1967.

Edmund N. Carpenter, II, of Richards, Layton & Finger, Wilmington, for appellant.

James F. Kipp, of Becker & Kipp, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

David S. Mumford, III, third-party plaintiff below, has filed this appeal from a summary judgment entered against him in Superior Court in favor of Estelle Robinson, third-party defendant.

The plaintiffs below are Joan Ruth Parsons and her husband. Mrs. Parsons was a passenger in Mrs. Robinson's car when it collided with Mr. Mumford's automobile causing injuries to Mrs. Parsons. The plaintiffs sued Mr. Mumford, who filed a third-party complaint against Mrs. Robinson for contribution as a joint tortfeasor under T. 10 Del.C. ch. 63. The Court below, on the basis of testimony developed by depositions, held that Mrs. Parsons was a guest of Mrs. Robinson within the meaning of the vehicle guest statute, T. 21 Del.C. § 6101(a) and, since nothing more than negligence is charged against third-party defendant, she cannot be held liable for plaintiff's injuries. The correctness of this ruling is the only issue before us.

As pointed out in Fields v. Synthetic Ropes, Inc., Del., 215 A.2d 427, an action for contribution under the Joint Tortfeasors Act will lie only "when the proposed contributor shares with the defendant a 'common liability' to the plaintiff". Thus, Mr. Mumford may not prevail against Mrs. Robinson unless the latter is liable to Mrs. Parsons. It follows that, if Mrs. Parsons was a guest within the meaning of T. 21 § 6101(a), the judgment below was correct.

Concerning the present issue, the record contains only the depositions of the two ladies involved. We, of course, accept those statements most favorable to third-party plaintiff, although there seems to be little or no disagreement between them as to the reasons for Mrs. Parsons' presence in the

car. The ladies were close friends, their homes were not far apart and they frequently visited one another. Mrs. Robinson had never learned to sew, and Mrs. Parsons had several times promised to teach her. On the morning of the accident, they had a telephone conversation during which it was agreed that Mrs. Robinson would drive to Mrs. Parsons' home, the two would thence go to select and buy some material for a dress, and return to Mrs. Parsons' house where she would give Mrs. Robinson a lesson in sewing. According to their arrangement, they went to a store and obtained some material and were on the way back to Mrs. Parsons' home when the collision occurred. No financial consideration was promised or expected; Mrs. Parsons was simply doing her friend a favor.

T. 21 Del.C. § 6101(a) reads as follows:

"No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

The appellee contends that the use of the word "payment" in this statute requires a definite relationship and tangible benefits flowing therefrom, and that this requirement does not exist in this case. The appellant argues that there was sufficient benefit flowing from the passenger to the driver to constitute payment. The Court below decided the motion orally without stating its reasons *; presumably it adopted the contention advanced by appellee.

■ A guest statute such as ours is in derogation of the common law, and, when

applicable, prevents redress for a wrong. We accept the view of those authorities which hold that it should be construed strictly against the driver. 8 Am.Jur.2d 36; 60 C.J.S. Motor Vehicles § 399(3), p. 996; 2 Harper and James on Torts § 16.15.

■ We also hold that the entry of summary judgment was error in this case. We think the benefit which Mrs. Robinson expected to receive constitutes payment within the intent of the statute. The ultimate purpose of the parties was a benefit to the driver in that she was going to receive free instructions in sewing from the passenger. The purpose of the ride together was likewise a benefit to the driver; being unfamiliar with the type of dress material best suited for the use of a novice in the art of sewing, she needed assistance and advice in its selection; Mrs. Parsons went along to provide that help. These benefits are sufficiently tangible, in our opinion, to meet the demands of the statute. The fact that no financial payment was contemplated does not change the result; the appellee was getting, or expecting to get, a benefit of real value which many women pay to receive. The additional fact that the parties were good friends, frequently together socially, likewise does not compel a different result; it was simply the reason why the help was being rendered without charge.

Without discussing the many cases decided under this type of statute, we conclude that our ruling is in harmony with, and supported by, the following decisions involving the Delaware Act; Fields v. Synthetic Ropes, Inc., Del., 219 A.2d 374; Truitt v. Gaines, 3 Cir., 318 F.2d 461; Dunn v. Stumbers, 4 Storey 102, 174 A.2d 567; Elliott v. Camper, 8 W.W.H. 504, 194 A. 130.

The judgment below must be reversed.

* Reference is made to our comment in a footnote to Ademski v. Ruth, Del., 229 A. 2d 837, concerning the need for a record to disclose reasons for a decision, even though the statement may be very brief.