Veronica S. FOSTER, Plaintiff below, Appellee and Cross-Appellant,

v.

Kathleen G. SHROPSHIRE, Defendant below, Appellant and Cross-Appellee.

Supreme Court of Delaware.

Submitted Feb. 16, 1977.

Decided June 22, 1977.

James P. D'Angelo and Edward T. Ciconte, Wilmington, for plaintiff below, appellee and cross-appellant.

Dennis D. Ferri, Becker & Ferri, Wilmington, for defendant below, appellant and cross-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In this automobile accident case, we are required to review the Superior Court's holding that the plaintiff was not a "guest without payment" within the meaning of the Delaware Motor Vehicle Guest Statute. 21 *Del.C.* § 6101.[1] The Trial Judge made that finding and denied the defendant's motion for summary judgment. The Court found, as a matter of law, that the defendant was not guilty of wilful or wanton disregard of the plaintiff's rights.[2]

## I.

The plaintiff and defendant were girl friends who occasionally went out "on the town" together. Each owned an automobile and, generally, they alternated in providing transportation, the passenger for the evening contributing neither gas money nor other transportation expense. Both sides agree that there is no genuine issue of material fact as to the "guest without payment" question. The parties are in disagreement, however, as to whether there is a genuine issue of fact regarding the "wilful and wanton disregard" question.

On the night of the accident, the plaintiff accompanied the defendant to a bar. They stayed for approximately four hours, during which time the defendant consumed three drinks. After being joined by an acquaintance, the trio left the bar in the defendant's automobile. The defendant attempted to pass a tractor-trailer, but in the process her car began to shake and swerve; she lost control of the vehicle and it left the highway and overturned. At the time of the accident, the defendant was in a proper

---

1. 21 *Del.C.* § 6101 provides in pertinent part: "(a) No person transported by the owner or operator of a motor vehicle . . . as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator or was caused by his wilful or wanton disregard of the rights of others."

2. Although this issue was actually mooted by the Trial Court's holding that the plaintiff was not a "guest without payment," a finding was made, nevertheless, that the defendant's conduct was not wilful or wanton within the meaning of the Statute, "as a matter of convenience for the parties in case of appeal".

passing lane and travelling between 55–60 mph; the speed limit was 55. The defendant maintains that she lost control as a result of wind resistance and suction of the tractor-trailer. Although the defendant claimed that she was trying to decelerate when the car began to shake, there was uncontradicted evidence that her foot remained on the accelerator.

## II.

In holding that the defendant was not a "guest without payment", the Trial Judge stated:

> "The benefit to a driver of receiving free transportation for a later evening is sufficiently 'tangible' to constitute payment under the Guest Statute. The parties had shared transportation in the past in keeping with their mutual understanding. It can be assumed that the defendant expected this past conduct to continue and that her anticipation of receiving transportation from plaintiff was a factor in her decision to provide transportation to plaintiff on the night of the accident. Therefore, the plaintiff was not a 'guest without payment' within the meaning of the Guest Statute and plaintiff is entitled to recover damages upon a showing of ordinary negligence and causation."

We must disagree.

■ Benefit to the driver is the crucial factor in determining whether a passenger in any given circumstance is a "guest without payment". *Justice v. Gatchell*, Del. Supr., 325 A.2d 97, 104 (1974); *Mumford v. Robinson*, Del.Supr., 231 A.2d 477 (1967). While such benefit need not be material in order to avoid the limitations of the Guest Statute, it must be something more than merely the pleasure of one's company or the exchange of social amenities. See e. g. *Johnson v. Riecken*, 185 Neb. 78, 173 N.W.2d 511 (1970); *Sand v. Mahnan*, 248 Cal.App.2d 679, 56 Cal.Rptr. 691 (1967).

■ The record in this case impels the conclusion that the benefit to the defendant was merely that of social companionship; we do not see in this case the "tangible" benefit found by the Superior Court. It

must follow, in our opinion, that the Guest Statute applies. See e. g. *Wagner v. Shanks*, Del.Supr., 194 A.2d 701 (1963); *Hazewski v. Jackson*, Del.Super., 266 A.2d 885 (1970); see also *Cook v. Pryor*, 251 Md. 41, 246 A.2d 271 (1968) (Delaware Guest Statute applied).

The Trial Court relied upon *Mumford v. Robinson, supra.* Unlike the present case, however, *Mumford* involved more than mere social companionship. There, we found a "tangible benefit" in the driver's receipt of free sewing instructions, a benefit of the type usually paid for. Cf. *Posner v. Minsky*, 353 Mass. 656, 234 N.E.2d 287 (1968); *Boyd v. McKeever*, 384 Mich. 501, 185 N.W.2d 344 (1971). In contrast, the benefit to the defendant in the instant case visualized by the Trial Court is too "ethereal", in our judgment, to merit the status of yet another exception to the operation of the Guest Statute. We must be wary of the "legal meanderings", warned against in *Justice v. Gatchell*, which too often result in by-passing the dictates of the Guest Statute.

As we stated in *Justice*:

> "Because application of the Automobile Guest Statute so often results in harsh, unfair, and unreasonable results, courts have shown a general tendency to carve out exceptions to the operation of the Statute in the interest of justice. Our own courts have demonstrated that tendency. (citations omitted) As a matter of policy, however, we do not favor further judicial creation of exceptions to the Statute. If, as many believe, the Delaware Automobile Guest Statute leads so often to unreasonable and unjust results and should be repealed forthwith, let its evils stand revealed to the General Assembly without further judicial effort to avoid a bad law by patchwork exceptions." (325 A.2d at 104)

Accordingly, we must disagree with the Court below as to the plaintiff's status under the Guest Statute.

III.

With the Guest Statute found applicable, the plaintiff's recovery is conditioned upon establishing the defendant's "wilful or wanton disregard" of the rights of the plaintiff. On the record before us, we find as a matter of law that the defendant's actions did not constitute such conduct.

Fatal to the plaintiff's recovery is the fact that, even when viewed in the light most favorable to the plaintiff, the evidence in this record as to the defendant's conduct does not reflect the "conscious indifference" or "I-don't-care" attitude which is the prerequisite of wanton behavior. See, e. g., *McHugh v. Brown*, Del.Supr., 11 Terry 154, 125 A.2d 583 (1956). At most, the evidence tends to establish: (1) that prior to the accident the defendant had consumed three drinks; and (2) that her foot remained on the accelerator despite the car's shaking and swerving. Absent, however, is any factual basis to support a conclusion that the defendant was intoxicated. Nevertheless, plaintiff contends that the evidence was sufficient, under our decision in *Wilson v. Tweed*, Del.Supr., 209 A.2d 899 (1965), to submit the issue of "wantonness" to the jury. We disagree. In *Wilson*, the defendant-driver chose to turn into the path of an oncoming car despite an explicit warning from his passenger and his own observation of the approaching vehicle. We denied summary judgment for the defendant because, under those facts, we found that a jury could reasonably conclude that such action manifested a "conscious indifference" to consequences. Importantly, no similar disregard can be discerned in the present case. Compare *Hazewski v. Jackson*, Del.Super., 266 A.2d 885 (1970).

\* \* \* \* \* \*

Accordingly, the denial of the defendant's motion for summary judgment is reversed.