Donald Wayne LOPER, Plaintiff
Below, Appellant,

v.

Gerald I. STREET et al., Defendant and
Third-Party-Plaintiff Below, Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO., Third-Party
Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 15, 1979.

Decided Feb. 1, 1980.

Robert B. Young, of Young & Schwartz, Dover, for plaintiff below, appellant.

Nicholas H. Rodriguez and Catherine T. Hickey, of Schmittinger & Rodriguez, P. A., Dover, for defendants below, appellees.

Before HERRMANN, C. J., DUFFY and QUILLEN, JJ.

HERRMANN, Chief Justice:

In this appeal, the question is whether the plaintiff was a "guest", as a matter of law, within the meaning of that term as

used in the Delaware Automobile Guest Statute, 21 *Del.C.* § 6101(a).[1]

## I.

The plaintiff, Donald Wayne Loper, was a passenger in an automobile which was involved in a head-on collision with another vehicle. The driver of the vehicle in which the plaintiff was riding, Carlton G. Patterson, was killed and the plaintiff and the driver of the other vehicle were injured. The plaintiff brought a negligence action in the Superior Court against Patterson's Estate and the driver of the other vehicle. The motion for summary judgment by Patterson's Estate was granted, and the plaintiff's cross-motion for summary judgment was denied, on the ground that the plaintiff was a "guest without payment" in the Patterson automobile at the time of the accident, as that term is used in the Delaware Automobile Guest Statute and, thus, was prohibited from bringing a negligence action against Patterson or his Estate. The plaintiff appeals.

Viewing the events in the light most favorable to the party against whom summary judgment has been granted, *Wagner v. Olmedo*, Del.Supr., 365 A.2d 643 (1976), the pertinent facts are as follows:

The plaintiff, age 17, and Patterson, age 18, were cousins and good friends. On the day of the accident, Patterson was home on leave from the Army and the plaintiff was visiting him at the home of Patterson's mother. Patterson's uncle had picked up the plaintiff and Patterson in his car with the intention of transporting them to the uncle's home. On the way there, they stopped to register Patterson for a learner's permit at the Department of Motor Vehicles.

Upon reaching the uncle's house, the threesome agreed that the uncle would lend his car to Patterson on the condition that Patterson and the plaintiff would wash the car. All agreed that Patterson would drive and that the plaintiff alone would accompany him as the statutorily required licensed driver.[2]

Patterson and the plaintiff went to the house of the plaintiff's father to wash the car. Having completed this task, they drove to a nearby service station for gasoline since they were planning to drive some distance that evening to visit mutual friends. The plaintiff paid for half the gasoline purchased: $2.50. After stopping en route to see some friends, Patterson and the plaintiff proceeded toward home with Patterson driving. It was on the way back to Patterson's uncle's house that the accident occurred.

## II.

The plaintiff contends that the payment by him of half the cost of the gasoline is, alone, sufficient to remove him from the classification of "guest without payment" and to remove this case from the ambit of the Delaware Automobile Guest Statute. Alternatively, he argues, the totality of the circumstances of this case—i. e., paying for the gas, helping Patterson wash the car,

---

1. 21 *Del.C.* § 6101(a) provides:
   "§ 6101. Injury to nonpaying guest; exceptions as to passengers of public carriers and prospective purchasers of vehicles.
   "(a) No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator or was caused by his wilful or wanton disregard of the rights of others."

2. 21 *Del.C.* § 2710(a) provides, in pertinent part:

"§ 2710. Issuance of temporary instruction permits.
   "(a) The Department, upon receiving from any person over the age of 16 years, an application for a temporary instruction permit, together with the fee required by law, may, in its discretion, issue such a permit entitling the applicant, while having such permit in his immediate possession, to drive a motor vehicle upon the highways for a period of 60 days when accompanied by a licensed operator or chauffeur who is actually occupying a seat beside the driver and there is no other person in the vehicle  .  .  . "

and acting as the statutorily required driver—require such relief.

The defendant argues, and the Superior Court concluded, that the factual circumstances, upon which the plaintiff relies to release him from the proscriptions of the Guest Statute, were mere expressions of friendship and the exchange of social amenities. Such actions, it is argued, do not constitute sufficient bases to take the case out of the Automobile Guest Statute.

### III.

■ It is axiomatic that, in determining whether a passenger is a "guest without payment" under § 6101(a), courts must look to the benefit gained by the driver. *Foster v. Shropshire*, Del.Super., 375 A.2d 458 (1977), *Justice v. Gatchell*, Del.Supr., 325 A.2d 97 (1974); *Mumford v. Robinson*, Del. Supr., 231 A.2d 477 (1967). The plaintiff contends that the burden of persuasion rested on the shoulders of the defendant, and that this burden was not met by the Estate because it could not show that Patterson received no benefit in this case. We cannot agree.

■ The party asserting the inapplicability of the Guest Statute has the burden of persuasion. *DeJoseph v. Faraone*, Del.Super., 254 A.2d 257 (1969). The plaintiff relies on *Stratford Apartments, Inc. v. Fleming*, Del.Supr., 305 A.2d 624 (1973) to support the proposition that the party asserting the applicability of the statute has the burden of proof. There this Court stated:

> "The crux of this case is whether Mrs. Fleming was a 'guest without payment'. Like the automobile guest statute, the property guest statute is in derogation of the common law and as such, it must be strictly construed against the party for whose benefit the law was passed, namely, the occupant. *In order for Stratford to receive the protection of the guest statute, it must be shown that it received and expected no benefit of value from the guest's presence.*"

305 A.2d at 626 (emphasis added). This language, however, is not addressed to the burden of persuasion. It states a conclusion regarding the quantum of proof necessary for a showing that a party was a "guest without payment."

However, even if we were to accept the plaintiff's argument that the burden of proof lies with the party seeking the application of the Statute, we would still be unable to conclude that he was anything but a "guest" within the meaning of § 6101(a).

■ The key to the crucial question of whether a passenger in an automobile is a "guest without payment", within the meaning of § 6101(a), lies not in the absence of *any* benefit to the driver, as the plaintiff asserts, but in the tangible nature of the benefit conferred. *Foster v. Shropshire*, 375 A.2d at 460. In order for a benefit to be sufficiently tangible to negate the applicability of § 6101(a), it must impart a significant economic or business benefit to the operator of the vehicle. *Mumford v. Robinson*, 231 A.2d at 479; *Dunn v. Stumbers*, Del.Supr., 174 A.2d 567, 569 (1967); *Smith v. Tatum*, Va.Supr., 199 Va. 85, 97 S.E.2d 820, 823 (1957).

■ The benefits tendered here, as cause for this Court to render § 6101(a) unavailable in this case, do not meet this standard: The plaintiff's aid in washing Patterson's car is clearly not a sufficiently significant tangible benefit. The $2.50 paid by the plaintiff as contribution to gasoline for a trip to be made later is similarly too insignificant. He stresses the fact that this contribution was made in cash and asserts that such a method of payment is prima facie evidence of his status as a "passenger". The significance of a benefit is not dependent upon the mode in which it is tendered. An insignificant benefit is insignificant whether it is tendered in cash, kind, services, or otherwise. Clearly, payment for a small amount of gasoline falls into that category. The plaintiff's presence as the required licensed driver served no economic or business purpose for Patterson. His presence merely allowed the deceased to take him for a drive around the Dela-

ware countryside while running some incidental errands.

Indeed, the manifest purpose of the trip, the car wash, and the stop at the gas station was entirely social. This Court has held that a benefit which is no more than exchange of social amenities is an insufficient basis on which to avoid the limitations of § 6101(a). *Foster v. Shropshire,* 375 A.2d at 460. Here, the plaintiff and the deceased were good friends. The deceased had been away for a period of time. Their activities on the day in question were nothing more than an attempt to spend and enjoy time together while the deceased was home on leave.

The plaintiff relies heavily on *Mumford.* He argues that the instant case is factually indistinguishable from *Mumford* and therefore he, like the plaintiff in *Mumford,* should be relieved of the burden of § 6101(a). We find the argument unpersuasive. In *Mumford* a significant economic benefit was imparted; there the passenger exchanged for the transportation sewing lessons for which others had to pay. Clearly no such economic benefit exists here.

The conclusions reached here are supported by *Rothwell v. Transmeier,* Kans. Supr., 206 Kan. 199, 477 P.2d 960, 965–66 (1970) (washing of car by passenger constitutes insignificant benefit); *Sand v. Mahnan,* Cal.Ct.App. 248 Cal.App.2d 679, 56 Cal. Rptr. 691 (1967) (licensed driver's presence is not a sufficient benefit to driver with learner's permit, if presence is motivated by friendship); *Goodson v. Lorey,* Fla.Ct.App., 182 So.2d 34 (1966) (licensed driver was guest because he accompanied driver with restricted license as a gratuitous gesture of hospitality); *Sabo v. Marn,* Ohio Ct.App., 103 Ohio App. 113, 144 N.E.2d 248 (1956) (presence of licensed driver due to social relationship with driver with restricted license, therefore passenger was a "guest"); *Smith v. Tatum,* Va.Supr., 199 Va. 85, 97 S.E.2d 820 (1957) (accompaniment of driver with learner's permit by driver with unrestricted license was insufficient as benefit because it was attributable to family relationship).

The instant case represents another example of the attempts made by plaintiffs to avoid the stringent provisions of § 6101(a). As we stated in *Foster,* 375 A.2d at 460, we must be wary of the "legal meanderings", warned against in *Justice v. Gatchell,*[3] which too often result in by-passing the dictates of the Guest Statute.

And as we stated in *Justice* :

"Because application of the Automobile Guest Statute so often results in harsh, unfair, and unreasonable results, courts have shown a general tendency to carve out exceptions to the operation of the Statute in the interest of justice. Our own courts have demonstrated that tendency. (citations omitted) As a matter of policy, however, we do not favor further judicial creation of exceptions to the Statute. If, as many believe, the Delaware Automobile Guest Statute leads so often to unreasonable and unjust results and should be repealed forthwith, let its evils stand revealed to the General Assembly without further judicial effort to avoid a bad law by patchwork exceptions." (325 A.2d at 104)

\*   \*   \*   \*   \*   \*

Affirmed.

---

3. Del.Supr., 325 A.2d 97 (1974).