George W. RENNICK and Joan Rennick, Plaintiffs,

v.

GLASGOW REALTY, INC. and Glasgow Arms, Inc. d/b/a Glasgow Arms Restaurant, Defendants.

Civ. A. No. 78–331.

United States District Court, D. Delaware.

March 9, 1981.

James P. D'Angelo and Edward T. Ciconte of D'Angelo & Ciconte, Wilmington, Del., for plaintiffs.

F. Alton Tybout of Tybout, Redfearn, Casarino & Pell, Wilmington, Del., for defendants.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

This is a civil action, based on diversity of citizenship, brought by the plaintiffs, George Rennick and his wife, Joan, to recover money damages from the defendants, who operated the Glasgow Arms Restaurant, for personal injuries and loss of consortium allegedly sustained as a result of an accident which occurred at the restaurant on June 9, 1977. The case was tried by a jury in January 1980 and verdicts were returned in favor of the plaintiffs. However, on April 17, 1980, the Court set aside the jury verdicts and granted a new trial because the Court concluded that it had given an erroneous instruction of Delaware law to the jury relating to the nature of the duty owed by the defendants to Mr. Rennick in the circumstances of this case. (Docket Items ["D.I."] 53 & 54.)

The facts of this case are rather simple and for the most part were undisputed at the first trial. Mr. Rennick ate lunch at the Glasgow Arms Restaurant on June 9, 1977. Upon finishing his lunch he proceeded to the parking lot and discovered that he had locked his keys in his car. He then returned to the restaurant in order to obtain a metal coat hanger to use to unlock the door of his car. While in search of such a hanger, Mr. Rennick entered a private storage area located in the restaurant building and fell through an open trapdoor. At the first trial, the testimony was in dispute as

to whether Mr. Rennick was directed to the private storage room by the restaurant hostess, in which case the Court instructed the jury he would have been a licensee, or whether he proceeded there on his own initiative, and thus would have been a trespasser. Hence, the Court instructed the jury that they could find Mr. Rennick was either a licensee if he entered the private storage room at the direction of the hostess or a trespasser if he entered the room on his own initiative. The Court further instructed the jury that the duty of care owed by the defendants to the plaintiff would vary according to whether he was classified as a trespasser or licensee. The duty of the defendants to the licensee was then explained to the jury based on Restatement 2nd Torts, § 342 (1965). The duty of the defendants to a trespasser was described as a more limited duty to refrain from intentionally causing an accident or causing the accident by the wilful and wanton disregard of the rights of others. Those instructions were an incorrect statement of Delaware law.

█ Under the law of Delaware, which is controlling in this diversity case, an owner or occupier of land owes the same limited duty to *all* licensees (who are considered guests without payment) as to trespassers. *Acton v. Wilmington and Northern R.R. Co.*, 407 A.2d 204 (Del.Supr.1979); *Bailey v. Pennington*, 406 A.2d 44 (Del.Supr.1979). The Delaware Supreme Court in *Acton* stated:

> We think that the Statute [Delaware Premises Guest Statute, 25 Del.C. § 1501], by imposing strict requirements on any plaintiff who enters the owner's premises "as a guest without payment or as a trespasser," is intended to include the category of "licensees" within the term "guest without payment." It would make no sense to read the statute as imposing a strict rule of proof requirements on trespassers and social guests, but leaving licensees in a statutory interstice. Therefore, we view the current Statute so as to make sense as a whole, by construing the term "guest without

payment" to include *all* licensees. (Emphasis supplied.)

407 A.2d at 206.

█ Thus, the duty (defined in the Delaware Premises Guest Statute in effect at the time of Mr. Rennick's injuries) that was owed by the defendants was the duty to refrain from intentionally causing injury to a licensee or trespasser and to refrain from causing injury to them through the wilful or wanton disregard of rights to others. 25 *Del.C.* § 1501; *Bailey v. Pennington, supra* at 46. The Court, therefore, erred at the original trial when it instructed the jury that the defendants would owe Mr. Rennick a higher duty of care if he were a licensee than they would owe if he were a trespasser. A new trial was thus granted.

The case is now before the Court on plaintiffs' motion for summary judgment (1) declaring as a matter of law that the Delaware Premises Guest Statute, 25 *Del.C.* § 1501, as it existed at the time of the accident in 1977, is no longer applicable to this case because that statute was amended on July 8, 1980, 62 Del.Laws, c. 322 § 1, or alternatively, (2) that even if 25 *Del.C.* § 1501 as it existed at the time of the accident is applicable to this case, the Court should declare as a matter of law on the basis of alleged undisputed material facts that Mr. Rennick was a business invitee (a paying guest) at the time and place of the accident and thus was owed the duty of *reasonable care to prevent injury from any defective conditions existing in the room* where the accident occurred. (D.I. 61.)

### 1. *The Retroactive Issue*

The Delaware Premises Guest Statute, 25 *Del.C.* § 1501, as it existed at the time of the accident, read as follows:

> No person who enters onto the premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or

was caused by the wilful or wanton disregard of the rights of others.

After its amendment[1] on July 8, 1980, the statute was changed to read as follows:

No person who enters onto private residential or farm premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others.

There is no dispute that the above amendment of the Delaware Premises Guest Statute terminated its applicability to all premises other than private residential or farm premises after that date. The question thus becomes whether the amended statute retroactively changed the substantive rights of the parties as they existed at the time of the accident. If the amended statute is applied retrospectively as plaintiffs contend, there is no question but that the duty of care owed by the defendants to Mr. Rennick at the time of the accident was substantially increased some three years after the accident by the amendment.

Delaware courts have made it quite clear that a retroactive law is one which takes away or impairs rights acquired under existing law, or creates a new obligation and imposes a new duty, or attaches a new disability to past acts or transactions. *Monacelli v. Grimes*, 9 Terry 122, 99 A.2d 255, 266–67 (Del.Supr.1953); *DiStefano v. Lamborn*, 7 Terry 195, 83 A.2d 300, 301 (Del.Super.1951); *State v. Mills*, 57 A.2d 99, 102 (Super.Ct. *en banc* 1947); *Bowing v. Delaware Rayon Co.*, 8 W.W.Han. 111, 188 A. 769, 770 (Del.Super.1937). If applied retroactively, the amended statute would bring about changes involving substantive rights in this case and effectively would impose a new duty upon defendants which did not

exist at the time of the accident. Accordingly, the Court believes the amended statute if applied to this case so markedly affects substantive rights that the Delaware Supreme Court would refuse to construe it to apply retrospectively.

Moreover, Delaware courts have held that whether or not a statute is given a retroactive effect is a matter of legislative intent and courts will be reluctant to arrive at such a construction unless the language of the statute permits of no doubt as to the meaning of the Legislature. If it is doubtful whether an amendment was intended to operate retrospectively, the doubt must be resolved against such operation. *DiStefano v. Lamborn, supra* 83 A.2d at 301.

Turning to the amended statute, this Court perceives nothing which indicates a legislative intent that it be applied retroactively. The verbs "enters" and "shall have a cause of action" are present and future tense and not past tense. Furthermore, the synopsis of the amending statute explains it as follows:[2]

At present, owners of commerical [sic] swimming pools are protected from any liability to a child who wanders onto the premises and is killed or injured. It is the purpose of this Act to restrict such immunity only to private residential property, and farms.

This explanation reveals that the drafters of the statute considered the limitations on liability contained in the statute prior to the amendment to be effective "at present" and that the statute was anticipated to have prospective operation for acts occurring after its adoption.

The plaintiff argues that the amended statute is an exception to the retroactive doctrine because the statute is remedial or procedural in nature. It is quite true that a statute which enacts a rule of procedure and does not in any manner affect substantive rights will ordinarily be applied retrospectively. *Bowing v. Delaware Rayon Co., supra* 188 A. at 770. But this is not what

---

1. The statute was amended by 62 Del.Laws, c. 322 § 1.

2. D.I. 64, Ex. thereto.

the amended statute does; it clearly affects the substantive rights of all parties because it broadens the circumstances under which "a guest without payment or a trespasser" may recover damages in a visit to a commercial establishment and at the same time narrows the defenses available to the owners of such establishments and enlarges their duty of care and exposure to liability.

The plaintiffs have also seized upon the case of *Hazzard v. Alexander*, 6 W.W.Han. 212, 173 A. 517 (Del.Super.1934) as supporting their contention that the amended statute should be retrospectively applied. In *Hazzard*, the court held that the adoption of the motor vehicle guest statute after the death of a passenger would be applied retrospectively to bar a widow's statutory claim for damages that was unrecognized at common law. The court reasoned that, because the Legislature enacted the statutory cause of action granting a widow the right to bring a death action for her husband, the Legislature could abrogate the right to recover under that statute before the widow's right became vested by a judgment. The court emphasized that where a statutorily created cause of action could only be brought by virtue of the statute, there can be no vested right to it and the Legislature may take it away at any time before judgment.

The court further ruled that a vested right of action is "property" and that the concept of vested rights applies to rights of action which spring from *contracts* or the *common law* but not from *public law* not in the nature of contracts or private grants.

To put the matter another way, the widowed plaintiff in *Hazzard* did not at common law have a right of action to recover for the death of her husband. *Homiewicz v. Orlowski*, 4 W.W.Han. 66, 143 A. 250 (Del.Super.1928); *Perry v. Philadelphia B. & W. R. Co.*, 1 Boyce 399, 77 A. 725 (Del.Super.1910). Therefore, her right of action did not vest as a common law right and it followed that her statutory right could be taken away by the Legislature at any time before it "vested" by being reduced to judgment. Thus, the court held the widow's

statutory right of action was taken away by enactment of the motor vehicle guest statute insofar as the cause of action for death was based on ordinary negligence of the defendant.

A quite different situation exists in this case. Plaintiffs' cause of action against the defendant is based on the common law of negligence and not on a statutory right. The cause of action vested or accrued at the time of the occurrence of the accident subject to the Delaware Premises Guest Statute as it then existed. The rights of opposing parties came into being or vested at that time and therefore any alterations of the then effective premises guest statute after the accident could not affect plaintiffs' cause of action for better or worse or otherwise change the substantive rights of the defendants.

■ Hence, the Court concludes that the Delaware Premises Guest Statute as it existed on June 7, 1977 is applicable to this case, and the amending statute which became effective on July 8, 1980 should not be applied retroactively to affect the substantive rights of the parties. Accordingly, the Court will deny plaintiffs' motion for summary judgment declaring as a matter of law that 25 *Del.C.* § 1501, as it existed at the time of the accident, is inapplicable to this case.

### 2. Business Invitee (Paying Guest) Issue

Secondly, plaintiffs urge the Court to rule on the basis of alleged undisputed facts that Mr. Rennick was a business invitee (a paying guest) at the time and place of the accident and thus the defendants owed him the duty of exercising reasonable care to have the premises in safe condition and to warn him of defects of which they were aware or had reason to know.

■ There is no question that Mr. Rennick while he was a patron of defendants' restaurant was a paying guest and the defendants owed him a duty to keep in reasonably safe conditions those public portions of their establishment where their patrons were invited and where they might be ex-

pected to go and come. However, that duty does not extend to those private portions of the establishment which were not open to the public. *Fahey v. Sayer*, 9 Terry 457, 106 A.2d 513, 515 (Del.Supr.1954); *see Maher v. Voss*, 9 Terry 45, 98 A.2d 499, 505 (Del.Supr.1954).

In the present case, the evidence at trial indicated that the room which Mr. Rennick entered was not a part of the restaurant open to the public but was a private storage area with a closed door. Thus, even resolving the conflict of testimony in favor of Mr. Rennick that he was granted permission by the hostess to enter the private room to look for a metal coat hanger on an errand of his own, his status changed to that of a licensee or under 25 *Del.C.* § 1501 "a guest without payment." *Acton v. Wilmington & Northern R.R. Co., supra* at 206. The duty then owed to Mr. Rennick in that status was to refrain from intentionally causing the accident or causing the accident by the wilful and wanton disregard for his safety.

Plaintiffs argue that by permitting Mr. Rennick to enter the private storage room to look for a coat hanger, the defendants were rendering assistance to a patron which benefited them by incurring goodwill for their business, relying upon an unreported letter opinion of the Delaware Superior Court in *Brown v. Jones*, C.A. 78C–OC–92 (May 8, 1980) (D.I. 65, Ex. B). In the *Brown* case, the Superior Court Judge held that when the defendant tow truck operator permitted the driver of a disabled truck that was being towed to ride as a passenger in the tow truck cab, the passenger conferred a benefit on the tow truck defendant by increasing his goodwill which was a sufficient enough benefit to deny defendant's motion of summary judgment on the applicability of the Delaware Automobile Guest Statute, 21 *Del.C.* § 6101, which parallels the language of the Delaware Premises Guest Statute, 25 *Del.C.* § 1501.

However, this Court is not persuaded that the Delaware Supreme Court would adopt the rationale of the *Brown* case. This Court in this diversity suit is

bound by the decisions of the Delaware Supreme Court and while it must give proper regard to state trial court rulings, they are not binding upon this Court in predicting how the Delaware Supreme Court would decide the issue. *See Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). In view of recent reported decisions of Delaware's highest court, this Court is convinced that permitting Mr. Rennick to go to a private room to look for a metal coat hanger to unlock his car was not such a tangible and substantial benefit to defendants as to negate the applicability of § 1501 as it existed on the date of the accident.

First, the Delaware Supreme Court in *Justice v. Gatchell*, 325 A.2d 97 (Del.Supr. 1974) held that the benefit derived by a host driver by reason of companionship of the guest passenger-grandchild was insufficient to take the case out of the Delaware Automobile Guest Statute. In that case, the Court warned the Delaware trial courts:

> Because application of the Automobile Guest Statute so often results in harsh, unfair, and unreasonable results, courts have shown a general tendency to carve out exceptions to the operation of the Statute in the interest of justice. Our own courts have demonstrated that tendency. See, e. g., *Engle v. Poland*, Del.Super., 8 Terry 365, 91 A.2d 326 (1952); *Robb v. Ramey Associates, Inc.*, Del.Super., 1 Terry 520, 14 A.2d 394 (1940); *Truitt v. Gaines*, D.Del., 199 F.Supp. 143 (1961). As a matter of policy, however, we do not favor further judicial creation of exceptions to the Statute. If, as many believe, the Delaware Automobile Guest Statute leads so often to unreasonable and unjust results and should be repealed forthwith, let its evils stand revealed to the General Assembly without further judicial effort to avoid a bad law by patchwork exceptions.

   · *    *    *    *    *    *

Finally, the plaintiffs contend that the benefit derived by the defendant grandmother, by reason of the companionship

of the child, was sufficient to take the case out of the Guest Statute.

This is a classic example of the type of legal meandering often engaged in to by-pass a Statute considered by many to be archaic and unjust. Of course, benefit to the driver is the crucial factor in determining whether a passenger in any given circumstance is a "guest without payment". *Mumford v. Robinson*, Del.Supr., 231 A.2d 477 (1967). But the intangible "benefit" asserted here is so ethereal as to merit no further comment.

325 A.2d at 104.

Again in *Foster v. Shropshire*, 375 A.2d 458 (Del.Supr.1977), the Delaware Supreme Court reversed the trial court's ruling that a benefit received by the driver of an automobile negated the application of the Delaware Automobile Guest Statute. In that case, the Supreme Court held:

> In holding that the defendant was not a "guest without payment", the Trial Judge stated:
>
>> "The benefit to a driver of receiving free transportation for a later evening is sufficiently 'tangible' to constitute payment under the Guest Statute. The parties had shared transportation in the past in keeping with their mutual understanding. It can be assumed that the defendant expected this past conduct to continue and that her anticipation of receiving transportation from plaintiff was a factor in her decision to provide transportation to plaintiff on the night of the accident. Therefore, the plaintiff was not a 'guest without payment' within the meaning of the Guest Statute and plaintiff is entitled to recover damages upon a showing of ordinary negligence and causation."
>
> We must disagree.
>
> Benefit to the driver is the crucial factor in determining whether a passenger in any given circumstance is a "guest without payment". *Justice v. Gatchell*, Del.Supr., 325 A.2d 97, 104 (1974); *Mumford v. Robinson*, Del.Supr., 231 A.2d 477 (1967). While such benefit need not be material in order to avoid the limitations

of the Guest Statute, it must be something more than merely the pleasure of one's company or the exchange of social amenities. See e. g. *Johnson v. Riecken*, 185 Neb. 78, 173 N.W.2d 511 (1970); *Sand v. Mahnan*, 248 Cal.App.2d 679, 56 Cal. Rptr. 691 (1967).

> The record in this case impels the conclusion that the benefit to the defendant was merely that of social companionship; we do not see in this case the "tangible" benefit found by the Superior Court.

375 A.2d at 460.

Again, most recently, the Delaware Supreme Court in *Loper v. Street*, 412 A.2d 316 (Del.Supr.1980) held that an automobile passenger's aid in washing the driver's car, in contributing $2.50 for gas for a trip made by the driver and passenger, and the passenger's presence in the automobile of driver, who only had a driver's permit, as the required licensed driver, were not sufficiently tangible benefits which would negate the applicability of the Automobile Guest Statute. In speaking of tangible benefits, the Court stated:

> The key to the crucial question of whether a passenger in an automobile is a "guest without payment", within the meaning of § 6101(a), lies not in the absence of *any* benefit to the driver, as the plaintiff asserts, but in the tangible nature of the benefit conferred. *Foster v. Shropshire*, 375 A.2d at 460. In order for a benefit to be sufficiently tangible to negate the applicability of § 6101(a), it must impart a significant economic or business benefit to the operator of the vehicle. *Mumford v. Robinson*, 231 A.2d at 479; *Dunn v. Stumbers*, Del.Supr., [4 Storey 102], 174 A.2d 567, 569 (1967); *Smith v. Tatum*, Va.Supr., 199 Va. 85, 97 S.E.2d 820, 823 (1957).

> The benefits tendered here, as cause for this Court to render § 6101(a) unavailable in this case, do not meet this standard.

\*   \*   \*   \*   \*   \*

The instant case represents another example of the attempts made by plaintiffs to avoid the stringent provisions of

§ 6101(a). As we stated in *Foster*, 375 A.2d at 460, we must be wary of the "legal meanderings", warned against in *Justice v. Gatchell*, which too often result in by-passing the dictates of the Guest Statute.

412 A.2d at 318–19.

Based on these clear warnings and holdings of the Delaware Supreme Court, this Court must conclude that the Supreme Court would hold in the circumstances of this case that the intangible benefit to defendants' goodwill, if any, would be too slight and insubstantial to negate the application of the Delaware Premises Guest Statute to Mr. Rennick when he proceeded to the private storage room to look for a metal coat hanger, whether he entered that room with or without defendants' permission. His status at that non-public portion of the restaurant was that of either a licensee or trespasser (a non-paying guest) and the duties owed him by defendants were those set forth in 25 *Del.C.* § 1501 as it read on June 9, 1977.

Accordingly, plaintiffs' motion for summary judgment declaring as a matter of law that Mr. Rennick was a business invitee (a paying guest) when he entered the private storage room must be denied.

An Order will be entered in accordance with this Memorandum Opinion.